**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 09-cv-00974-MSK

**MICHAEL L. WALKER,**

    Plaintiff,

v.

**CAROLYN W. COLVIN, Acting Commissioner of Social Security,**

    Defendant.[1]

---

### ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

---

**THIS MATTER** comes before the Court of Plaintiff Michael L. Walker's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (**#35**) ("Motion").[2] Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

**I.    Jurisdiction**

For purposes of determining the instant motion, the Court exercises subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 406(b).

**II.    Background**

Mr. Walker applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-33. He commenced an action in the district court pursuant to 42

---

[1] At the time Mr. Walker filed this appeal, Michael J. Astrue was the Commissioner of Social Security. Carolyn W. Colvin is substituted as the Defendant in this action to reflect her designation as Acting Commissioner of Social Security, effective February 14, 2013.

[2] Mr. Walker also filed an Amended Motion For an Award of Attorney Fees Under 42 U.S.C. § 406(b) (**#37**). There is no substantive difference between these motions and the Court treats them as a single request for attorney fees pursuant to 42 U.S.C. § 406(b).

U.S.C. 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application.  The Commissioner filed a motion for voluntary remand for further administrative review, which the district court granted.  The district court also granted Mr. Walker's unopposed motion for Equal Access to Justice ("EAJA") attorney's fees in the amount of $3,158.40.  Mr. Walker's counsel was awarded an additional $5,917.00 in attorney's fees pursuant to 42 U.S.C. § 406(a) for representation at the administrative level.

On remand, the Commissioner held a supplemental hearing before an ALJ.  In a second decision, Mr. Walker's disability claim was again denied.  Mr. Walker also appealed this second decision, filing an action in this Court.  Following oral argument, this Court reversed the Commissioner's decision and remanded the case to the Commissioner for further development of the medical record and clarification and evaluation of a treating physician's opinion.  Mr. Walker filed a second motion for an award of EAJA attorney's fees (**#28**).  The Court denied this motion (**#34**), finding that the Commissioner's position was substantially justified.

On remand, the Commissioner awarded Mr. Walker $103,057.00 in past due benefits.  Pursuant to a contingent fee agreement, Mr. Walker's counsel asks this Court to approve an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $16,688.85.  According to the Motion, this amount is calculated by taking 25% of the disability award and subtracting those fees already awarded.[3]  The contingent fee agreement specifies that Mr. Walker will pay his attorney 25% of the past-due benefits obtained.  The Commissioner has asserted no position on this request.

---

[3] $103,057.00 x .25 = $25,764.25.
 $25,764.25 – ($3,158.40 + $5,917.00) = $16,688.85.

**III.     Issue Presented**

The only issue before the Court is whether Mr. Walker's counsel should be awarded attorney's fees in the amount of 25% of the benefits awarded, minus fees previously awarded under the EAJA and 42 U.S.C. § 406(a).

**IV.     Discussion**

Title II of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405 (i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  Any attorney's fees awarded pursuant to this statute cannot exceed 25% of the past-due benefits recovered and any award must be reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  To determine a reasonable fee under § 406(b), a court does not use the lodestar method.  Instead, the claimant's attorney "must show that the fee sought is reasonable for the services rendered." *Id*.  A court should consider the results obtained, the amount of time spent on the case, and the attorney's expertise in determining whether the amount of fees sought is reasonable.  Having considered these factors and there being no opposition to the motion, it is granted.

**IT IS THEREFORED ORDERED** that Mr. Walker's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) **(#35**) is **GRANTED.**

DATED this 31st day of October, 2013

                                                 **BY THE COURT:**

*[Signature: Marcia S. Krieger]*

                                                 Marcia S. Krieger
                                               United States District Judge

4